IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAUL T. VENABLE II,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>EQUITY ONE, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S REMAINING CLAIMS<br><br><br><br><br><br>Case No. 2:04-CV-411 TS |

      This matter is before the Court on Defendant Equity One, Inc's Motion for Summary Judgment on Plaintiff's Remaining State Claims.  The Court previously, on February 7, 2005, granted summary judgment against Plaintiff Paul T. Venable II's federal claims.  Defendant's present Motion seeks the granting of summary judgment against Plaintiff as to his state-based claims.  Plaintiff appears *pro se* in this matter.

      Each of Plaintiff's remaining claims seeks various forms of relief stemming from Plaintiff's dissatisfaction with a loan agreement between Plaintiff and Defendant's predecessor-in-interest.  Defendant filed the Motion before the Court on April 1, 2005.  Similar to Defendant's previous summary judgment motion, Plaintiff failed to respond to Defendant's

1

Motion. Due to the relatively simple legal issues presented by Plaintiff's state law claims and due to the uncontroverted statement of facts supporting Defendant's request, the Court has determined that a hearing on this matter would not prove helpful. As is set forth more fully below, the Court will GRANT Defendant's request for summary judgment.

## DISCUSSION

In its February 7, 2005 Order, the Court set forth the standard the Court relies upon when a litigant is represented *pro se*. While the Court does not repeat that standard here, it emphasizes that a party's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Likewise, in its previous Order, the Court addressed the standard governing summary judgment motions. The Court employs the same standard in its present motion. Construing Plaintiff's Complaint broadly, Plaintiff alleges the following state law claims: lack of contract formation, improper alteration of contract, unjust enrichment, misrepresentation, and fraud. The Court will address each of these claims, in turn.

Plaintiff alleges that a contract was not formed because Defendant or its predecessor-in-interest failed to provide consideration. Under Utah law, "[c]onsideration sufficient to support the formation of a contract requires that a performance or a return promise must be bargained for." Aquagen Int'l, Inc. v. Calrae Trust, 972 P.2d 411, 413 (Utah 1998). Additionally, Plaintiff's Complaint alleges that he did not sign the relevant contract. However, by Plaintiff's nonresponse to Defendant's Motion, the Court must deem that Plaintiff now admits that he signed the relevant note and that Plaintiff received consideration in the form of real property

when he entered into his loan.  On this basis, the Court grants summary judgment against Plaintiff's claim of lack of contract formation.

The Court next turns to Plaintiff's allegation that Defendant, or its predecessor-in-interest, improperly altered the note at issue.  However, the undisputed facts before the Court contradict Plaintiff's allegations and, by his nonresponse, Plaintiff now admits that no material alteration of the relevant note occurred.  The Court, therefore, grants summary judgment against Plaintiff's claim of improper alteration.

Plaintiff's Complaint further alleges that Defendant was unjustly enriched because Defendant, or its predecessor-in-interest, secured Plaintiff's loan with a sham contract–meaning a contract that was not supported by consideration.  The Court has already determined that consideration was provided to Plaintiff in the form of real property.  Under Utah law, an unjust enrichment claim can only stand in the absence of an enforceable contract.  <u>Wood v. Utah Farm Bureau Ins. Co.</u>, 19 P.3d 392 (Utah. Ct. App. 2001).  Because the Court has already found that the contract securing the note at issue is binding, the Court will grant summary judgment as to Plaintiff's unjust enrichment claim.

Plaintiff's Complaint asks the Court to void the note at issue because, according to the Complaint, it was procured through fraud, concealment, deception, and misrepresentation.  Plaintiff's claims turn on the allegation that Plaintiff did not receive a disclosure of the relevant terms of the note.  In its February 7, 2005 Order, the Court found that Plaintiff received adequate disclosure to satisfy the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and the Truth-in-Lending Act, 15 U.S.C. § 1631 et seq.  Further, Plaintiff now admits that there was no

misrepresentation in connection with the loan transaction.  In viewing the undisputed facts in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact and determines that Defendant is entitled to summary judgment as to these claims as a matter of law.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Summary Judgment on Plaintiff's Remaining Claims [Docket #21] is GRANTED.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 8th day of September,  2005.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge